**HOFFMEISTER MORTUARIES, Appellant,**

v.

**Margaret E. JONES, Respondent.**

**No. 46157.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 23, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1983.

Charles M. Wolff, Clayton, for appellant.

William J. Fletcher, Clayton, for respondent.

CRIST, Judge.

Suit by appellant (undertaker) on written contract for an amount agreed to be paid by respondent (daughter) for the burial of her mother, Mrs. Janet Wallace. The jury found for daughter and against undertaker. We reverse with instructions to enter judgment for undertaker.

On December 16, 1978, undertaker prepared an itemized funeral contract showing funeral services and merchandise to be furnished for the burial of daughter's mother.

The contract further provided:

> The purchaser personally agrees to pay the total amount due under this contract. The liability of the purchaser under this contract is in addition to any such liability imposed by law on any estate or others, and this contract shall not constitute a release or waiver of such liability. Purchaser shall be liable for all incurred costs, including reasonable attorney's fees, in the event legal proceedings are required to enforce collection of the amount due under this contract.

The contract was executed as follows:

We agree to provide the Funeral Service and Merchandise indicated above.

HOFFMEISTER MORTUARIES, INC.

/s/ Joseph F. Vollmer

A1 Estate of Mrs. Janet Wallace
A2 Mr. William J. Fletcher
A3 111 So. Bemiston Ave.
A4 Clayton, Mo. 63105

Purchaser to be billed.

The undersigned approve the charges and method of payment indicated above.

/s/ Margaret E. Jones
Signature of Purchaser

Address

City                    State

Co-signer
Co-signer
Co-signer
Co-signer

Daughter admitted execution of the contract and the burial of mother by undertaker. However, she asserts she was not to be held personally liable as the estate of Mrs. Janet Wallace was to be solely liable for payment of the funeral bill. Further, she claims the contract was ambiguous. The trial court agreed and erroneously permitted daughter to testify she made a prior oral agreement with the undertaker that she would not be personally liable for her mother's funeral bill and this bill was to be paid by her mother's estate. However, the assets of her mother's estate were insufficient to pay any part of the funeral bill.

There was no evidence of fraud or mutual mistake in the execution of the burial con-

tract. Accordingly, the prior oral agreement referred to by daughter was inadmissible evidence. The written final agreement was a merger of all prior negotiations. *Wallach v. Joseph,* 420 S.W.2d 289, 294 (Mo. 1967), *cert. denied* 389 U.S. 953, 88 S.Ct. 335, 19 L.Ed.2d 362 (1967); *Smith v. Githens,* 271 S.W.2d 374, 378 (Mo.App.1954).

Daughter contends the prior parol agreement was admissible because there was ambiguity in the contract relating to her signing as "Purchaser" opposite that part of the contract listing the "Purchaser to be billed" as estate of Mrs. Janet Wallace. We disagree. The funeral contract is not ambiguous.

Daughter agreed in writing to pay for funeral merchandise and services for her mother. The contract provided her obligation to pay was in addition to any other liability that might be imposed on an estate or other person. See, *Universal Towing Co. v. United Barge Co.,* 579 F.2d 1098, 1101 (8th Cir.1978); and *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club,* 491 S.W.2d 261 (Mo. banc 1973).

As a matter of law, daughter was personally liable on the burial contract. This cause is reversed and remanded for the trial court to enter judgment in favor of undertaker and against daughter for the unpaid balance due under the itemized contract plus interest.

CRANDALL, P.J., and REINHARD, J., concur.